U.S. Court Of Appeals
For The Tenth Circuit

Patrick C. Lynn,
Plaintiff-Appellant
v.
Charlie Willnauer, et al.,
Defendants-Appellees

Case No. 23-3111
(KS D.Ct. Case No. 19-CV-3117-HLT)

Appellant's Discovery/Submission Of A Uniquely Relevant & On Point Applicable 5th Circuit Ruling - Favela v. Collier, 91 F.4th 44

The pro se appellant humbly moves as styled above & respectfully alleges & believes that Court rules allow notice & usage of an applicable ruling such as Favela attached to be submitted for determination to this appeal & I have the same facts in my case.

No party is prejudiced by this late discovery in the July 2024 issue of PLN & I pray the Court to apply towards my appeal facts & issues & to reverse/remand accordingly. Respectfully Submitted,

7-26-24
Date

s/ Patrick C. Lynn
Patrick C. Lynn - Pro Se

Certificate of Service

I, Patrick C. Lynn, certify mailing the foregoing by U.S. Mail, postage prepaid, to the below named parties, on this 26th day of July, 2024:

Clerk's Ofc, 10th Cir., 1827 Stout St., Denver, Colo. 80257;
Atty. K. Simpson, 4848 SW 21st, Ste. 201, Topeka, KS, 66604;
" R. Stead, 2600 Grand Blvd., Ste. 1100, KC/MO. 64108;
" J. Hicks, 11551 Ash St., Ste. 200 Leawood, KS. 66211

s/ Patrick C. Lynn
Patrick C. Lynn
@4377, EDCF, P.O. Box 311
El Dorado, KS 67042

# Fifth Circuit: Texas Prisoner's Declaration Alone Sufficient to Send PLRA Exhaustion Dispute to Trial

On January 31, 2024, the U.S. Court of Appeals for the Fifth Circuit held that a Texas prisoner's uncorroborated declaration outlining steps he took to exhaust administrative remedies through the state Department of Criminal Justice (TDCJ) grievance process was sufficient to create a genuine issue of material fact, thereby surviving Defendant prison officials' motion for summary judgment for failure to exhaust those remedies, as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e.

Raul Gerardo Favela, Jr. filed suit under 42 U.S.C. § 1983 in U.S. District Court for the Eastern District of Texas, claiming that five TDCJ employees failed to protect him from assault by another prisoner. His lawyer had asked TDCJ to move Favela because he had been labeled a "snitch" and was at extreme risk of assault. The letters were ignored, though, and Favela was assaulted in March 2017 by another prisoner with a small motor wrapped inside a sock, resulting in severe injury to his eye and nose that required surgery and caused significant pain.

After Favela filed his suit, TDCJ Defendants moved for summary judgment, alleging that he failed to file any grievances related to the assault and therefore had not exhausted his administrative remedies as required by PLRA. Attached to the motion were numerous grievances filed by Favela, none of which related to the sock assault.

In response, Favela submitted only his own declaration, claiming that he filed an initial grievance about five days after the assault and submitted a timely appeal when it was denied. He further accused TDCJ staff of failing to produce copies of his grievances specifically to interfere with his ability to sue. The district court sided with the TDCJ employees, finding Favela's declaration alone was insufficient to defeat the summary judgment motion because it was "unsupported" and "conclusory." Favela appealed, and the Fifth Circuit reversed.

The Court began its analysis be noting that the PLRA exhaustion requirement means a Texas prisoner must file a Step 1 grievance within 15 days of the challenged incident, after which TDCJ has 40 days to respond. The prisoner must then initiate a Step 2 grievance if not satisfied with the Step 1 response. PLRA exhaustion is satisfied only after both Steps are completed, the Court noted, pointing to *Johnson v. Johnson*, 385 F.3d 503 (5th Cir. 2004).

But because PLRA exhaustion is an affirmative defense, the Court continued, TDCJ Defendants bore the burden of establishing Plaintiff's failure to do so with admissible evidence, as held in *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). When those Defendants then asserted lack of exhaustion in their summary judgment motion, the Court said it was required to believe the prisoner's factual allegations and make all justifiable inferences in his or her favor, as held in *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986).

With this in mind, the Court turned to the dispute over whether Favela submitted sufficient evidence that he exhausted administrative remedies. Here, TDCJ Defendants asserted that Favela's declaration alone failed to do so, particularly in light of the fact that they had included all the grievances they alleged he had ever filed—none of which dealt with the sock assault. The Court noted that while it is true that a party may create a genuine issue of material fact by his or her declaration alone, per *Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994) (en banc), its earlier jurisprudence has also explained that "conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence" will not suffice, as held in *Freeman v. TDCJ*, 369 F.3d 854 (5th Cir. 2004).

Favela's declaration was sufficient for several reasons, the Court said. First, his declaration was not conclusory because it set forth specific, detailed facts to support his exhaustion claim. Second, it was not unsubstantiated because it described in detail when he filed his various grievances with specifics that were not internally inconsistent nor inconsistent with the evidence submitted by TCDJ. In fact, his declaration provided a plausible explanation why his grievances related to the sock assault where missing, the Court said: "[H]is belief in TDCJ's desire to undermine his lawsuit."

Accordingly, the Court reversed the district court's summary judgment dismissal of Favela's lawsuit based on his failure to exhaust administrative remedies and remanded the case for further proceedings. Favela was represented by attorneys Randall Lee Kallinen and Alexander Charles Johnson of Kallinen Law, PLLC, in Houston. See: *Favela v. Collier*, 91 F.4th 1210 (5th Cir. 2024).

The reasoning and result in this case are similar to that from the Court in *Garcia v. Heath*, 74 F.4th 44 (2nd Cir. 2023), as *PLN* reported. [See: *PLN*, Jan. 2024, pg. 56.] Despite the holdings in these cases, prisoners should scrupulously follow prison grievance procedures through each and every stage before filing suit, keeping copies of all documentation submitted or received in relation to each step within the grievance process. Doing so will save a time-consuming trip to appellate court.

Pat Lynn
64377, EDCF, P.O. Box 311
El Dorado, KS 67042

Priority:
Legal Mail
7-26-24

WICHITA KS 670
29 JUL 2024 PM 2 L

Clerk's Ofc. — 10th Cir. Ct. of Appeals
1823 Stout St.
Denver, Colo., 80257

Scanned by
US Marshal