FILED
United States Court of Appeals
Tenth Circuit

January 31, 2024

Christopher M. Wolpert
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT
_____

PATRICK C. LYNN,

    Plaintiff - Appellant,

v.

CHARLIE WILLNAUER, et al.,

    Defendants - Appellees.

No. 23-3111
(D.C. No. 5:19-CV-03117-HLT)
(D. Kan.)

_____

**ORDER**
_____

Before **MATHESON** and **BACHARACH**, Circuit Judges.
_____

    This matter is before the court on plaintiff-appellant Patrick C. Lynn's motion in which, among other things, he asks the court: (1) to grant a fifth extension of time to file his opening brief; (2) to reconsider the court's denial of his motion for a temporary stay of this appeal due to prison officials' allegedly "criminal/unconstitutional abuses" and for remand of the case to the district court for an evidentiary hearing to "develop the record for this court's closest scrutiny"; (3) to provide him with a copy of the record on appeal; and (4) to provide him with another copy of this court's form pro se opening brief.

    The court reminds Mr. Lynn that the court will liberally construe the content of his opening brief because he is proceeding without the benefit of counsel in this appeal. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). As noted on the court's opening brief form: (1) "[a] short statement of each issue presented for review should precede [Mr. Lynn's]

argument;" (2) "[c]itations to legal authority may also be included" but are not required; and (3) the "brief should fully set forth all arguments that [Mr. Lynn] wish[es] the court to consider in connection with this case."

The court has itself prepared the record for this appeal and included in that record all of the documents the court deems necessary and appropriate to deciding any issues Mr. Lynn wishes to raise on appeal. *See* 10th Cir. R. 10.2(C) ("In pro se cases, no designation [of record] is required. The court will prepare a pro se record."). As such, Mr. Lynn need not cite to particular pages of the record, attach any documents to his opening brief, or provide the court with any documents on the district court's docket.

With these principles in mind and following careful consideration of Mr. Lynn's requests for relief:

- A. The court grants Mr. Lynn a 30-day extension of time within which to file his opening brief. The court will not grant additional extensions absent extraordinary circumstances and will not consider lack of access to Mr. Lynn's personal legal materials to be an extraordinary circumstance that justifies any additional extension. Failure to timely file an opening brief will result in the dismissal of this appeal without notice for failure to prosecute. *See* 10th Cir. R. 42.1.
- B. The court denies Mr. Lynn's request for reconsideration of the denial of his motion for stay of this appeal and for remand of the case to the district court for an evidentiary hearing. As noted on the court's form brief, this appeal is "a <u>review</u> of the proceedings in the district court"—not a retrial—

such that "[n]ew issues raised for the first time on appeal generally will not be considered." The court will summarily deny any future motion that requests that the court remand the case to the district court for an evidentiary hearing or receipt of additional evidence and will likewise summarily deny any future motion that seeks reconsideration of the court's denial of that request.

C. The court grants Mr. Lynn's request for a copy of the record on appeal in part and—as a one-time courtesy to Mr. Lynn—directs its Clerk to enclose with Mr. Lynn's copy of this order three documents from the record for this appeal: (1) ECF No. 152 (the district court's order granting defendant Todd Koob's motion for summary judgment or dismissal); (2) ECF No. 153 (the district court's order granting defendants Aleycia McCullough and Debra Lundry's motion for summary judgment or dismissal); and (3) ECF No. 154 (the district court's separate entry of judgment). The court denies the remainder of Mr. Lynn's request for a copy of the record on appeal without prejudice to renewal upon prepayment of the court's standard copying costs. Mr. Lynn may renew his request for copies of the remaining 663 pages of the record on appeal only if he tenders with that request full payment for copying costs, which costs federal statute sets at $.50 page, or $331.50. 28 U.S.C. § 1913 (Court of Appeals Miscellaneous Fee Schedule). Indigence is immaterial because the statutory schedule applies universally.

D. The court directs its Clerk to enclose with Mr. Lynn's copy of this order an additional copy of its form opening brief for pro se appellants.

E. The court denies any additional requests for relief Mr. Lynn makes in his motion without prejudice: Mr. Lynn may renew any substantive arguments in his opening brief.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk